Good morning, your honors and counsel. I'm going to deliberately talk slow here considering the technology. So please let me know if you have any trouble hearing me at any point. So may it please the court. I'd like to start with focusing on the questions you posed to me. The first thing whether the court has jurisdiction to respond to the issues raised in appellant's motion for reconsideration because of the fact that appellant didn't specifically appeal that order. And I have to say we're essentially in agreement. Although I don't, I think it's a moot point only because appellant raised issues about the sanctions and then also the trial court's dismissal of the entire case. And so I think although the court can't review it for abuse of discretion in regards to the motion for reconsideration as I'll explain in discussing the other two issues. I don't think it's, I think it's a moot point only. Secondly, the court had asked me to address whether the district court should have considered awarding sanctions against Luna's former counsel, my predecessor rather than against Luna. And appellant essentially contends should not have been essentially required to micromanage her former counsel. I don't think we have a situation here where appellant wasn't complying with discovery orders. There's no type of rule 11 sanctions previously issued. Appellant shouldn't have essentially been required to supervise everything her prior lawyer did and seize control of the case at the first sign of potential misconduct. It would essentially be impossible for appellant to do that. The whole reason appellant hired a lawyer is to represent her in court and he failed to do that. And I think essentially holding appellant responsible to such a duty would essentially require, it would cause plaintiff to be reluctant to sue and also discourage defendant from vigorously defending themselves. Mr. Mogan, rule 37d explicitly states that the court can award sanctions against the party, the party's attorney or both. So that is contemplated within the language of the Do you agree that any objection or argument that the sanctions should have been awarded against the attorney rather than the party was not made at the district court and was not made in this court? I don't believe that. I raised it in the appeal. And then the rule definitely allows you to even though that may have raised that issue on appeal, I just, I'm asking the court to Wait a minute, I'm sorry. Can you be a little more clear in answering my question? Are you asserting that you raised this issue on appeal? No, I don't believe so. I essentially that the appellant addressed that there weren't appropriate against the party, so Luna Distributing, so I don't believe they weighed it. Did I specifically say that? But wait a minute. Did you? Did you argue that? I understand you were arguing against the sanctions order, but there's a lot of changes to that and sort of wrinkles within that argument. And there's a there's a serious waiver issue here that I don't see this argument this that it's any fees if they were awarded, should have been awarded against counsel rather than the party. I don't see that anywhere in the district court briefing or anywhere in the briefing before this court. So that's the first problem is waiver. And then the next issue is we know what the rule says explicitly. Can you cite any authority that says it's an abuse of discretion for the district judge to award the fees against the party? Your first question. Yes, I don't believe at any point appellant said Craig should have been former counsel should have been sanctioned instead of her. And not to belabor the point, we just said any type of sanction wasn't correct. I can't cite any specific case saying that court abuses discretion and doing so, you know, based on similar facts in this case. Unfortunately, I'm just asking the court essentially that they're not appropriate against my client. And so whether the court wants to remand and ask sanctions to be held against former counsel that that's entirely up to your discussion. And I can't say I read in the appeal or the trial court, I, you know, to the best of my knowledge. So I don't want to say something that's incorrect. So your argument on appeal, is it that the that the fees are unreasonable? Or that there was that solely he wasn't entitled to these? I mean, it's an argument about entitlement to fees to begin with, or whether the fees that were actually awarded were just unreasonable. I think essentially, both I think they were unreasonable. Because of the fact there was no such a warning, there's such a drastic dismissal, the entire case came on prior counsel didn't respond to the summary judgment, I think the court could have gone ahead and waited to the hearing date and granted that motion. There was there was arguments made by respondents that we did that the appellants failed to prosecute the case. And I don't think those were warranted by the facts in the law. There was no discovery orders that were violated. There were no motions are compelled. Okay, so that sounds like an argument about entitlement to fees. Can you cite to me anywhere in your briefs where you said that the amount of fees actually awarded were unreasonable? Well, we we argued that the 85,000 was unreasonable in the appellate brief. Where I didn't see that anywhere. So can you tell me where it is? Okay, I'm sorry. I'm working with like three computers here. It's the very end. I believe the last argument we just said that, um, but isn't that a last argument about the request for about 450,000 in fees for all of their fees? Well, well, we brought up that fact that it was so inordinate that nothing should have been granted. But specifically, just because only the 85 was granted, we just said nothing was warranted. And it's not true. The court granted it in full. And I don't expect something like that is if we went to trial. If there was a from day one until the end of the trial. Um, in a word, in that in that matter would be required. We just essentially had a summary judgment. Most of them wasn't responding to and a failure to prosecute dismissals. And so yes, I think we just adjusted in total and essentially argued that it wasn't appropriate. There wasn't a pattern from day one of failure to prosecute, comply with the court's orders, etc. Any type of contempt citation before I got involved. Does that answer your question? Yes, thank you. Thank you. Mr. Morgan, your time is running out. But I did want you did address in your opening brief, the motion to the district court's order granting the motion to dismiss or failure to prosecute. And that's properly before. So what's your do you have anything else to add to what was in your brief about why the district court may have abused its discretion in granting the motion to dismiss? I just want to reiterate that prior counsel, for lack of a better term was essentially an absentee landlord. And for whatever reason, and I think if you held the attorney responsible, and if the trial court issued a sanction order, I think defendants would be, you know, made full on a rather rather quickly time. You have to recognize that the district court tried its best to get him to respond to the matters that were pending. But it was just essentially he didn't respond to a motion for summary judgment in which the respondents filed a David late supporting it. So it's a if the trial court had granted that we would have had ample avenues to appeal it. They repeatedly respondents stated that they didn't comply with discovery, etc. But I don't believe that's warranted by the record. If if the facts warranted something to that, that's a different argument. But I don't think it's necessarily appropriate. It is. So tell me and just tell us in just a couple of sentences, why the district court abused its discretion in granting the motion to dismiss for failure to prosecute. For one, there was no type of warning of such an extreme remedy. And secondly, the facts didn't warrant that there were discovery abuses, failure to comply with orders, any type of rule 11 sanction, any type of contempt citations. All right. I'll give you a minute or two for rebuttal, but let's hear from your from the other side. Okay, thank you. Let's see, Miss. Miss Hugh. Miss Hugh. Yes. Um, Miss Hugh representing Stolle Group USA. Luna conceded in this argument that the court does not have jurisdiction regarding the August 27, 2019 order. However, Luna is incorrect that the issue is moot. Luna only appealed the court's orders dated April 11th, April 25th and June 14th, for reconsideration under Rule 61 on grounds of mistake, inadvertence, and excusable neglect and imposing sanctions for vexatious conduct during discovery. Luna did not appeal the August 27th order denying a second motion for reconsideration and relief. The second motion and reconsideration and relief presented entirely different facts and issues. And the second motion for reconsideration and relief, Luna sought relief under Rule 66 based on the inexcusable neglect of its counsel and health issues of its principle. It made a 60D1 motion based on judicial error and a 60D3 motion for fraud or misconduct by opposing counsel. Therefore, the court should no longer review these issues because Luna has essentially conceded that the court does not have jurisdiction regarding the August 27, 2019 order. Um, moving on to the issues of sanctions. And before you get to that issue, which I'm interested in hearing from you on that point, a couple of questions for you, if I may. The emails between Lytle and Luna suggest no fault on the part of the client. Would you agree? I do not agree, your honor. And why not? We do not agree because the attorney's actions are typically chargeable to their client. Imposition of sanctions are warranted because the attorney's actions are typically chargeable to the client. The client voluntarily chose Mr. Lytle as its representative in the action, and the client cannot now avoid the consequences of the acts or omissions of this freely selected agent. Moreover, litigants are considered to have notice of all facts. Can I ask you? I'm sorry to interrupt. I'm sorry to interrupt. You're reading very fast. Can I ask you to slow down a little bit, please? Thank you. I'm sorry, your honor. Litigants are considered to have notice of all facts known to their lawyer agent and have a duty to keep track of the progress of their lawsuit. Let me try my question again for you. And again, I apologize for interrupting. My question was, you agree that the emails in the record between Lytle and Luna suggest no fault on the part of the client. And if you believe there is something that suggests that, can you point it out to me, please? Yes, your honor. I believe that the client is at fault because the client was working as a paralegal from Mr. Lytle on this case. She was aware that the deadlines in this case had been missed. She claims to have drafted the Rule 26-F report, which set forth the discovery and trial schedule for this case. She also claims that she drafted the responses to the discovery request in this case and that she knew that, and therefore, the deadlines for discovery were on the discovery request. Therefore, she knew that by the close of discovery that the discovery request had never been responded to. The client was also aware that there was a Rule 36 notice of deposition. She was aware that she said that she was unavailable and never sought to reschedule in the deposition. The client also was aware that Mr. Lytle never filed a response to the opposition, never filed a response to the summary judgment motion, yet never attempted to contact the court, never attempted to fire Mr. Lytle. She took no action to manage and monitor the case, even though as an experienced paralegal who has worked on five litigations with Mr. Lytle and worked on this case and other cases, she had the knowledge and access to monitor the litigation and better manage it the most litigant. And then what was the lawyer's role in all this if it was her exclusive duty to manage the litigation? In fact, the district court admonished the lawyer for trying to blame the paralegal for something which there's no indication she was at fault for. And I will take another look at the email exchanges to see if they support what you just said. But let me move on to the next point since you and I can't agree on that one apparently. $85,000 strikes me as somewhat excessive for Rule 37d and in particular for the facts of this case. That rule allows recovery only for expenses incurred because of the other side's failure to attend a deposition or respond to interrogatories. Certainly your request for much more than that and for all your fees wasn't warranted under any example or rule. How can we justify the award the district court made, especially because the district court made no analysis of your request? It simply rubber stamped it. Your Honor, the court did not represent our request. In fact, Stoly Group requested all of its fees in connection with the lawsuit because it considered this to be an exceptional case under the Volanum Act. Because of the frivolity... It rubber stamped your $85,000 was the point of my question. Your Honor, we asked for $100,000. They gave us $85,000 in connection with the vexation conduct during the course of discovery. Is that a cross-appeal in this case? No, Your Honor. So my question dealt with the $85,000. Can you answer that one, please? Yes, Your Honor. The court expressly reviewed and considered the nature of the services, the amount of time spent, and the attorney's hourly rate. In its order, it sufficiently detailed the total number of hours spent, the scope of the work, the specific tasks that were performed in connection, and it provided the supporting evidence that it relied upon. The district court also conceded the reasonableness of the attorney's fees. Therefore, the court did not have sufficient basis to award the $85,000 in attorney's fees. Thank you. You agree with me since I've got your attention for a moment. You agree with me that this court can consider issues that are not raised on appeal, that there is some authority, Ninth Circuit authority, that although the court has discretion, it can use it depending on the facts of the case. Do you agree with that? Well, Your Honor, I do not. Yes or no, and then you may explain, please. Yes or no, and then you may explain. I believe that, yes, I believe that the court can review issues that were not raised in connection with the order. The court's order stated April 11th, April 25th, and June 14th were noticed on the notice of appeal. However, the court does not have the jurisdiction to consider issues raised in the court's August 27th order. So, Ms. Hill, I have a question for you. The sanctions award, does that include any portion of the fees that STOLE asserts it incurred in filing a motion for summary judgment? And how did you separate it out, or did you? Did you separate out fees incurred for preparing a motion for summary judgment versus fees incurred for alleged failures in discovery, to respond to discovery? Yes. In the request for sanctions, we did request some of the fees in connection with preparing the Rule 37D. We attempted to separate it out by separating out in our descriptions which of our fees were made in connection with the summary judgment motion as opposed to which of our fees were made in connection with the motion to dismiss. So, are you saying that you presented the district court with a breakout of fees and specifically listed which were related to discovery? For summary judgment? The district court denied it as moot. The district court instead granted the motion for failure to prosecute, to dismiss based on failure to prosecute. Miss Hugh, this is Judge Paez. So, on the motion to dismiss, when the district court opted to take that route instead of granting the motion for summary judgment, or ruling on the motion for summary judgment, did the district court seriously consider other alternatives that would have been less drastic than the ultimate sanction or disposition of dismissing the case for failure to prosecute? Yes, Your Honor. I believe that the district court did. In fact, in this order, the district court noted that it had given Luna multiple opportunities, that Luna had missed various deadlines as well as court conferences, and that the court had given Luna various opportunities to rectify these deficiencies. It was my experience when I used to do this was, you know, try monetary sanctions first against the lawyer. See if that catches the lawyer's attention. That wasn't done here, was it? No, it was not, Your Honor. However, the district court had permitted Luna to file late filed opposition to our first motion to dismiss, which was filed at the onset of the case. The district court also did not sanction Luna, even though Luna missed an earlier status conference with the district court. And Luna had missed, in addition, so the district court felt that it had given Luna multiple opportunities. It had chastened Luna's counsel for missing the status conference. And yet it did not, the district court felt that these opportunities that it provided Luna, Luna still continued to miss deadlines and to fail to prosecute the case. Well, I mean, I don't quarrel with that. There was no, the judge was very impatient, I would say, with Mr. Lytle. But he ultimately just went right to dismissal, rather than imposing some monetary sanctions against Mr. Lytle. Isn't that right? Your Honor, Luna, I mean, Luna had also never responded to any of our discovery requests, some of which were served in November of 2019. The case was, I believe, supposed to be filed ready by June. Did you file a motion to compel? Did you file a motion to compel responses and sanctions? We did not, Your Honor. Why not? We filed requests for admission, and Luna never responded to the request for admission. And so all of the facts in the request for admission were deemed admitted. On that basis, we could rely on those admissions as one of the bases for our motion for summary judgment. Okay. All right. I believe Ms. Cheng wanted to say something for one minute. Your Honor, I'm fine. Okay. All right. If possible, Your Honor, could we save a one minute for any sub rebuttal? No, there's no sub rebuttal. So, Mr. Mogan. Yes, Your Honor. I'll take less than a few minutes you mentioned, and you can cut me off at any point. So, as you mentioned, as far as the court's sanction award not being specifically the result of the motion for summary judgment, discovery, and dismissal, I think the court didn't even roll on the summary judgment motion. And so I don't think it's appropriate to dismiss it to sanction my party or even a witness counsel because the court never even rolled on that. Respondents mentioned not responding to discovery, and that's to their benefit that the request for admissions were deemed admitted. And so I don't believe that the failure to prosecute, warning any type of fees. And as the court mentioned, there's no motion to compel, there was no violation of court order. Did prior counsel not pursued as much discovery at various points? Yes, but discovery may be permitted. It's not mandatory. And as far as prior counsel missing a status conference, I don't think that can be attributed to my client. The court should have sanctioned counsel and what happened is you received a warning. And I just want to reiterate some sort of monetary sanction, a warning with short notice that the whole entire case is gonna be dismissed. The trial court obviously was aware that Luna replaced their counsel as quick as possible after things deteriorated. I just think that shows a willingness to prosecute and I thank you all for... Mr. Mogan, this is Judge Fahey. I have a question for you. There's been some discussion about whether one of the clients, one of the principals of the client, Luna, acted as a paralegal for Mr. Lytle. And I saw in the record that when he missed the status conference, he didn't calendar it properly. And then later he said his paralegal left him. Are we talking about the same individuals or did he have different staff? Did he have a different person he called his paralegal versus his client? So I don't want to misspeak because I came in the case at the very end, but I do know Mr. Lytle had other employees and then I don't think Tammy Donald is the same paralegal he's talking about to the best of my knowledge. And so it wasn't that Tammy didn't notify him. And I honestly don't think to call it excuse out of a lack of better term, I don't even honestly think that's credibility because if you look further on, he missed the summary judgment response. He didn't respond to the motion to dismiss the case. And so I just think that, you know, I don't know his credibility, even for blame as paralegal is warranted. But, and I want to reiterate, a paralegal is an officer of the court. Luna hired him to represent him and she didn't go pro se. So I don't think you If an attorney drops the ball, you have the option to sue someone for malpractice. But I think if the court, which I don't know respondents would disagree with, if the court sanctioned Mr. Lytle and at least for the final motion to dismiss the whole case, that is more appropriate than holding Luna responsible. Thank you. Okay, thank you. Thank you, Mr. Moghan. And thank you, counsel, for your arguments. We appreciate it. Matter is submitted at this time. And we'll take just a short recess while we tee up the next case. Thank you. Thank you. Thank you, your honor. Okay.
judges: Paez, Zouhary, Bade